# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SANDRA LUPO, | ) |
| | ) |
| Plaintiff, | ) Case No.: 4:13-cv-601 |
| | ) |
| v. | ) |
| | ) |
| HOOTER'S OF ST. PETERS, LLC, | ) (St. Charles County Circuit Court, |
| | ) No. 1311-CC00203) |
| and | ) |
| | ) |
| HOOTER'S OF AMERICA, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Hooter's of St. Peters, LLC ("HOSP") and Hooter's of America, LLC ("HOA") (collectively, "Defendants") hereby remove the state court action entitled *Sandra Lupo v. Hooter's of St. Peters, LLC and Hooter's of America, LLC*, Case No. 1311-CC00203 (filed in the Circuit Court of St. Charles County in the State of Missouri), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

1.  On or about February 21, 2013, Plaintiff filed a three-count petition against the Defendants in the Circuit Court of St. Charles County, Missouri, styled *Sandra Lupo v. Hooter's of St. Peters, LLC and Hooter's of America, LLC*, Case No. 1311-CC00203 (the "State Court Action"), alleging disability discrimination in violation of the Missouri Human Rights Act ("MHRA") (Count I), alleging perceived disability discrimination in violation of the MHRA (Count II), and alleging a violation of the Missouri Merchandising Practices Act ("MMPA") (Count III).

2. A copy of the state court file in the State Court Action, including Plaintiff's Petition, is attached hereto as Exhibit A.

3. On or about March 1, 2013, Defendants were served with Plaintiff's Petition in the State Court Action.

4. In an effort to defeat this Court's diversity jurisdiction, Plaintiff has named HOSP as a defendant to the State Court Action. Plaintiff alleges HOSP is a Missouri corporation and Plaintiff is a Missouri resident as well. As described below, HOSP is not a Missouri corporation and, in any event, Plaintiff has fraudulently joined HOSP.

5. Apart from service of the Petition in the State Court Action, no further proceedings have occurred in the Circuit Court for St. Charles County, Missouri, in the State Court Action.

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $ 75,000, exclusive of costs and interest and is between citizens of different states.

## BASIS FOR REMOVAL

### A. Amount in Controversy

7. Plaintiff's Petition seeks damages well in excess of $75,000. *See* Pet., Count I, II, and III "Wherefore" clauses.

8. In Counts I and II of her Petition, Plaintiff seeks judgment and damages "exceeding $25,000.00, *punitive damages*, costs of this action, attorney's fees and such other and further relief as this Court deems just and proper in the premises." *See* Pet., Counts I and II (emphasis added).

2

9. In Count III, Plaintiff seeks judgment and "actual damages, costs of this action, attorney's fees, and for such other and further relief as this Court deems just under the circumstances." *See* Pet., Count III.

10. When determining the amount-in-controversy for purposes of diversity jurisdiction, both punitive damages and attorney's fees are included. *Allison v. Sec. & Benefit Life Ins. Co.,* 980 F.2d 1213, 125 (8th Cir. 1992) (punitive damages); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees).

11. Although "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003), there are no statutory or judicially-created limits on punitive damages or damages for emotional distress under Missouri law, *Kopp v. Kopp*, 280 F.3d 883, 886 (8th Cir. 2002). Thus, were Plaintiff to prove minimal damages of $25,000 or more on *any* of her three Counts, she would only need to be awarded *two times* that amount in compensatory and/or punitive damages in order to exceed $75,000, and such an award would likely be consistent with due process.[1]

12. For the foregoing reasons, the amount in controversy exceeds $75,000, which is the minimum amount required to establish diversity jurisdiction in this Court. 28 U.S.C. § 1332(a).

---

[1] While Defendants deny any and all liability, the damages Plaintiff seeks if proven would likely exceed $75,000. By way of example, the Missouri Court of Appeals has upheld a jury award of $225,000 actual damages and $750,000 punitive damages against an employer in a case alleging age discrimination and retaliation under the MHRA. *Brady v. Curators of the Univ. of Mo.*, 213 S.W.3d 101, 106 (Mo. App. 2006). The court also remanded the case for the trial court to determine a proper award of attorney fees. *Id.* at 115.

### B. Complete Diversity of Citizenship

13. There is complete diversity between Plaintiff, a citizen of Missouri, and Defendants, both citizens of Georgia.

14. HOA is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. (Exhibit B, Declaration of C. Levitas at ¶ 3).

15. HOSP is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. (Exhibit B, Declaration of C. Levitas at ¶ 5).

16. Therefore, complete diversity exists between Plaintiff, on the one hand, and Defendants, on the other hand.

### C. Plaintiff Fraudulently Joined HOSP.

17. Plaintiff fraudulently joined HOSP and alleged HOSP is a Missouri company to defeat diversity jurisdiction. Accordingly, even if HOSP were a Missouri corporation, its citizenship should be ignored for purposes of determining diversity. *See, e.g.*, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Indeed, "the right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (*quoting Wilson*, 257 U.S. at 97). "Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction" for the court. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). To show fraudulent joinder, a removing party must show there is no "arguably . . . reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Wilkinson*, 478 F.3d at 963 (*quoting Filla v. Norfolk S. Ry.*, 336

4

F.3d 806, 811 (8th Cir. 2003)). That no reasonable basis exists to believe a Missouri court would impose on HOSP the MHRA liability or the MMPA liability Plaintiff has alleged against HOSP in the State Court Action demonstrates HOSP's fraudulent joinder.

18.  This Court has repeatedly held that it is proper and prudent to consider matters outside the pleadings to decide the issue of fraudulent joinder. *See, e.g.*, *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009); *Elliot v. Bridgestone/Firestone N. Am. Tire*, No. 4:05CV1297 CDP, 2006 U.S. Dist. LEXIS 8872 (E.D. Mo. Mar. 7, 2006) (considering affidavits and deposition testimony on a motion to remand); *Reeb v. Wal-Mart Stores Inc.*, 902 F. Supp. 185 (E.D. Mo. 1995) (finding the "most prudent method" of determining if a defendant was fraudulently joined is to consider materials outside the pleadings to see if they establish facts supporting the plaintiff's claims). Accordingly, the Court should consider the affidavit filed herewith to conclude that Plaintiff fraudulently joined HOSP to this action.

19.  For purposes of Plaintiff's MHRA claims in Counts I and II of the Petition, HOSP does not qualify as an "employer," as that term is defined by the MHRA. The MHRA defines "employer" to include "any person employing six or more persons within the state, and any person directly acting in the interest of an employer." R.S.Mo. § 213.010(7). No liability can attach to HOSP as an "employer" on Plaintiff's MHRA claims because HOSP has no control over the hiring, scheduling, work assignments, or discipline of any of the employees of HOA. *See e.g.*, *Henry v. Pemiscot Mem'l Health Sys.*, No. 1:05CV00075 ERW, 2007 U.S. Dist. LEXIS 45960, *10-11 n.5 (E.D. Mo. June 25, 2007) ("The Court pays particular attention to the phrase 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment…,' §

213.055.1(1)(a), which suggests that Congress intended 'employer' to encompass those individuals authorized to control the wages, terms and conditions, and privileges of employment."). Similarly, HOSP does not supervise, and does not have the ability to supervise, the employees of HOA. (Declaration of C. Levitas at ¶¶ 6-10). Because HOSP does not qualify as an "employer" under the MHRA for purposes of Plaintiff's claims in Counts I and II of the Petition, there is no arguably reasonable basis on which to believe that Missouri law might impose liability against HOSP on Counts I and II of the Petition. Accordingly, the Court should hold HOSP has been fraudulently joined to this action.

20. Similarly, HOSP cannot be held liable under Plaintiff's MMPA claim (Count III). Plaintiff alleges Defendants "drastically" reduced Plaintiff's hours of work in order to force her to voluntarily quit. *See* Pet. ¶30. As noted above, HOSP was not Plaintiff's employer and, accordingly, had no control over Plaintiff's hours of work or termination, among other items. (Exhibit B, Declaration of C. Levitas at ¶ 6-10).

**D. Defendants Have Satisfied the Procedural Requirements for Removal.**

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

22. The United States District Court for the Eastern District of Missouri includes St. Charles County, Missouri, where the State Court Action is now pending. Therefore, this action is properly removed to the Eastern District of Missouri pursuant to 28 U.S.C. § 1441(a).

23. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Circuit Court for St. Charles County, Missouri, and will serve a copy of this notice on all parties to this action.

24. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.[2]

25. This Notice of Removal is signed pursuant to Fed. R. Civ. Pro. 11.

WHEREFORE, defendants Hooter's of St. Peters, LLC and Hooter's of America, LLC respectfully remove this action from the Circuit Court of St. Charles County, in the State of Missouri, bearing Case No. 1311-CC00203, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

---

[2] Defendants further note that Plaintiff's claims should be arbitrated pursuant to her Agreement to Arbitrate.

Respectfully submitted,

Dated:  March 29, 2013

*/s/ Jessica L. Liss*
Jessica L. Liss, #51331MO
Daniel P. O'Donnell, #59970MO
JACKSON LEWIS, LLP
Two CityPlace Drive, Suite 200
St. Louis, MO 63141
314-372-0032
314-792-6070 (Fax)
jessica.liss@jacksonlewis.com
daniel.o'donnell@jacksonlewis.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2013 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and a copy was served via U.S. Mail upon:

Mr. Larry A. Bagsby
Attorney for Plaintiff
1600 Heritage Landing, Suite 201
St. Charles, Missouri 63303

*/s/ Jessica L. Liss*

4822-5881-2947, v.  1