IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SANDRA LUPO )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>HOOTER'S OF ST. PETERS, LLC )<br>   Serve: Registered Agent )<br>      CT Corporation System )<br>      120 South Central Avenue )<br>      Clayton, MO  63105 )<br>)<br>HOOTER'S OF AMERICA, LLC )<br>   Serve: Registered Agent )<br>      CT Corporation System )<br>      120 South Central Avenue )<br>      Clayton, MO  63105 )<br>)<br>   Defendants. ) | Cause No.:<br><br>Division No.:<br><br>**PLAINTIFF DEMANDS TRIAL**<br>**BY JURY** |

## PETITION FOR DAMAGES

### COUNT I
### VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, RSMO. § 213.010 et seq.
(Actual Disability Discrimination)

COMES NOW, Plaintiff, by and through counsel, and for her Petition for Damages, states as follows:

1. Plaintiff Sandra Lupo is a resident of St. Charles County, Missouri.

2. Defendant Hooter's of St. Peters, LLC is a duly organized and registered Missouri corporation operating in St. Charles County, Missouri.

3. Defendant Hooter's of America, LLC is a foreign corporation with its principle place of business located in the State of Georgia. Defendant Hooter's of America, LLC is the parent corporation of Defendant Hooter's of St. Peters, LLC.

4. Defendant Hooter's of America, LLC owns and operates no less than ten (10) distinct corporations throughout the State of Missouri, incorporating each of its business

establishments in the geographical region where the facility is located, and at all times exercising complete management and control over the separate corporations.

5. Plaintiff began her employment with Defendants in April of calendar year 2005.

6. On June 28, 2012, Plaintiff's physician discovered a large cranial mass. On July 2, 2012, a craniotomy was performed on the right side of Plaintiff's head to remove the mass. To perform that operation, Plaintiff's entire head had to be shaved to a ¼ inch length.

7. Plaintiff remained in the hospital for recovery for a period of one (1) week. During that period, her store manager Brent Holmberg visited her. Mr. Holmberg informed Plaintiff during the visit that she could return to work as soon as she was capable, and that, she could wear a "chemo cap" or any other items of jewelry to distract from her lack of hair and the visibility of her cranial scar.

8. Plaintiff received a medical release to return to work on July 16, 2012. Shortly thereafter there was a meeting between Plaintiff, her manager – Mr. Holmberg, and the regional manager employed by Defendant Hooter's of America, LLC, Mr. Joe Ozment.

9. In the course of that meeting, Mr. Ozment told Plaintiff the opposite of what Mr. Holmberg had said. Mr. Ozment informed Plaintiff that she could not return to work unless she wore a wig. Plaintiff informed Mr. Ozment that she did not have a wig, and that she could not afford a wig as they range in cost between several hundred and several thousands of dollars. Mr. Ozment responded that a wig would be required. Mr. Ozment did not offer to purchase one for Plaintiff.

10. On July 21, 2012, Plaintiff returned to work and began working without a wig. Mr. Holmberg approached Plaintiff and said to her that she had to wear a wig because a woman in human resources said it was required and that it was not his decision to make.

2

11. Plaintiff then borrowed a wig and tried to wear it during work. The wig, however, caused extreme stress to her body because of the surgery and the healing wound.

12. Plaintiff was forced to leave work because she could not wear the wig. Her manager then reduced her hours to the point that Plaintiff could not earn an income, thereby forcing Plaintiff to quit. Plaintiff was constructively discharged.

13. Plaintiff's physical injury was an actual disability from her surgery which limited the major life activity of working when such work required a wig to be worn.

14. Defendants discriminated against Plaintiff in violation of the Missouri Human Rights Act by requiring her to wear a wig, and thereafter, constructively discharging Plaintiff because her disability was a contributing factor to the Defendants' conduct.

15. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered lost wages of employment, embarrassment, humiliation and outrage. Plaintiff has now further incurred the costs of this action.

16. The conduct of Defendants was committed with deliberate indifference to or reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages.

17. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to RSMo. § 213.010 et seq.

18. On October 12, 2012, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights against Defendant Hooter's of St. Peters, LLC, alleging discrimination based upon disability discrimination. The case was assigned Charge No. 28E-201300097. (Exhibit 1, attached hereto). On November 9, 2012, Plaintiff filed an Amended Charge of Discrimination with the same allegations, but bringing into the case Defendant Hooter's of America, LLC. (Exhibit 2, attached hereto).

3

19. On December 24, 2012, the Missouri Commission on Human Rights issued Plaintiff her Notice of Right to Sue. (Exhibit 3, attached hereto). Plaintiff has filed this action within ninety (90) days of its issuance.

WHEREFORE, Plaintiff prays for judgment against Defendants for lost wages of employment, compensatory damages for mental and emotional distress exceeding $25,000.00, punitive damages, costs of this action, attorney's fees, and such other and further relief as this Court deem just and proper in the premises.

## COUNT II
## VIOLATION OF MISSOURI HUMAN RIGHTS ACT, RSMo. § 213.010 et seq.
### (Perceived Disability Discrimination)

20. Plaintiff hereby incorporates by reference paragraphs 1-19 as though fully set forth herein.

21. Plaintiff's physical scar was a perceived disability in the eyes of Defendants. Defendants' conduct of requiring a wig to be worn to cover that perceived disability, or in the alternative, not to work, was a violation of the Missouri Human Rights Act.

22. Defendants discriminated against Plaintiff in violation of the Missouri Human Rights Act by requiring her to wear a wig, and thereafter, constructively discharging Plaintiff because her disability was a contributing factor to the Defendants' conduct.

23. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered lost wages of employment, embarrassment, humiliation and outrage. Plaintiff has now further incurred the costs of this action.

24. The conduct of Defendants was committed with deliberate indifference to or reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages.

25. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to RSMo. § 213.010 et seq.

4

WHEREFORE, Plaintiff prays for judgment against Defendants for lost wages of employment, compensatory damages for mental and emotional distress exceeding $25,000.00, punitive damages, costs of this action, attorney's fees, and such other and further relief as this Court deem just and proper in the premises.

## COUNT III
## VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT, RSMO. § 407.010 et seq.
### (Deceptive Practices)

26. Plaintiff hereby incorporates by reference paragraphs 1-12, as though fully set forth herein.

27. The Defendants' reduction of Plaintiff's work hours was deliberately and intentionally designed to force Plaintiff to voluntarily quit her employment. It is and has been the routine custom, policy and practice of Defendants to reduce their employees' hours which forces them to voluntarily resign thereby making them ineligible for unemployment compensation.

28. Plaintiff was at all times a qualified "insured worker" as defined in the Missouri Employment Security Law, RSMo. § 288.010 et seq.

29. Plaintiff at all times met or exceeded her employer's legitimate work related expectations. After her injury, Defendants reduced her work hours because of her actual and/or perceived disability which in no way or means constituted misconduct connected to work.

30. By drastically reducing Plaintiff's hours of work, Defendants calculated that Plaintiff would be forced to voluntarily quit, thereby disqualifying Plaintiff from unemployment compensation pursuant to RSMo. § 288.050.1(1).

31. The practice of reducing hours to force employees to voluntarily quit their employment with Defendants is common place, widespread and routine throughout the State of Missouri. Defendants do so solely for the purpose of circumventing the law and denying the

unemployment compensation benefits which their employees would be otherwise entitled to.

32. The conduct of Defendants as described above is and continues to be a deceptive practice as defined by the Missouri Merchandising Practices Act, RSMo. § 407.010 et seq.

33. As a direct and proximate result of the Defendants' conduct, Plaintiff has been denied unemployment compensation benefits.

34. The conduct of Defendants was committed with deliberate indifference to or reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages.

35. Plaintiff is entitled to the recovery of statutory attorney's fees pursuant to RSMo. § 407.025.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor on Count III against Defendants for actual damages, costs of this action, attorney's fees, and for such other and further relief as this Court deems just under the circumstances,

Respectfully submitted,
BAGSBY & LEE, LLC


/s/ Larry A. Bagsby
Larry A. Bagsby, #37296
*Attorney for Plaintiff*
1600 Heritage Landing, Suite 201
St. Charles, MO 63303
(636) 928-2121 telephone
(636) 928-3131 facsimile
larrybagsby@aol.com

1311-CC00203

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**COMMISSION ON HUMAN RIGHTS**
**CHARGE OF DISCRIMINATION**

Enter Charge Number
☐ FEPA E-10/12-41429
☐ EEOC 28E-2013-00097

*This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.*

## Missouri Commission on Human Rights and EEOC

| Name (Indicate Mr., Ms., or Mrs.) Ms. Sandra M. Lupo | Date of Birth 10/13/1985 | Home Telephone No. (Include Area Code) 636-928-2121 |
|---|---|---|
| Street Address 731 Hidden Lake Drive | City, State and Zip Code St. Peters, MO 63376 | County St. Charles |

**Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me** *(if more than one list below).*

| Name Hooter's of St. Peters, LLC | No. of Employees/Members 25+ | Telephone No. (Include Area Code) 636-447-5559 |
|---|---|---|
| Street Address 4061 Veterans Memorial Parkway | City, State, and ZIP Code St. Peters, MO 63376 | |
| Name | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address | City, State, and ZIP Code | |

Cause of Discrimination based on (Check appropriate box(es))
☐ Race ☐ Color ☐ Sex
☐ National Origin ☐ Religion ☐ Age
☒ Disability ☐ Retaliation ☒ Other (Specify) Perceived Disability

Date Discrimination took Place (Month, Day, Year)
07/21/2012
☐ Continuing Action

The Particulars Are (If additional space is needed, attach extra sheet(s)):

I began employment with Hooters in April 2005. On July 21, 2012, I was constructively discharged from my employment due to a perceived disability.

On June 28, 2012, I went to the emergency room at St. Joseph Health Center in St. Charles City, and a cranial mass was discovered. On July 2, 2012, I underwent a craniotomy on the right side of my head to remove the mass. My head had to be completely shaved to a one-quarter inch length. I remained in the hospital for a period of one (1) week, and during that period my store manager, Brent Holmberg, visited me. He told me at that time that I could return to work when I was capable, and that I could wear a "chemo cap" or other items of jewelry to distract from my lack of hair and the visibility of my cranial scar.

I received a medical release to return to work on July 16, 2012. After July 16, 2012, there was a meeting with my manager, Mr. Holmberg, and the regional manager, Joe Ozment. During that meeting, Mr. Ozment told me that I could not return to work unless I wore a wig. I told them I did not have a wig, and I could not afford a wig – which range in cost between several hundred to thousands of dollars. Mr. Ozment stated it would be required. They did not offer to purchase one for me.

On July 21, 2012, I returned to work and began working without a wig. My customers were not offended, and were in fact curious about the obvious scar from my surgery. Mr. Holmberg stated that I had to wear a wig because a woman in HR (human resources) said it was required, and that it was not his decision to make. I tried to wear a wig – it was horribly uncomfortable, highly stressful to my body, and totally unnecessary. I was then forced to quit because of my

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

X _____ 10/12/2012
Charging Party (Signature)    Date

FILED
OCT 12 2012
MISSOURI COMMISSION ON HUMAN RIGHTS

X _____
Signature of Complainant

12th day of October 2012
Subscribed and sworn to before me this date (Day, month, and Year)

SHERRY BUDD
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: August 14, 2013
Commission Number: 09530785

MCHR-27 (08-11) AI

**PLAINTIFF'S EXHIBIT 1**

employer's policy requiring a wig to be worn, which was not a reasonable accommodation to my recovery and only sought to cover-up a perceived disability. I was otherwise fully capable of performing the essential functions of my job.

I have been discriminated against by my employer for a perceived disability in violation of the Missouri Human Rights Act, RSMo. § 213.010 et seq.

FILED

OCT 12 2012

MISSOURI COMMISSION
ON HUMAN RIGHTS

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

X _____ 10/12/2012
Charging Party (Signature)     Date

X _____
Signature of Complainant

12th day of October 2012
Subscribed and sworn to before me this date (Day, month, and Year)

SHERRY BUDD
Notary Public – Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: August 14, 2013
Commission Number: 09530785

MCHR-27-2 (08-11) AI

1311-CC00203



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**COMMISSION ON HUMAN RIGHTS**
**CHARGE OF DISCRIMINATION   - AMENDED**

Enter Charge Number
☒ FEPA  E-10/12-41429
☒ EEOC  28E-2013-00099

*This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.*

| Missouri Commission on Human Rights and EEOC |||
|---|---|---|
| Name (Indicate Mr., Ms., or Mrs.)<br>Ms. Sandra M. Lupo | Date of Birth<br>10-13-1985 | Home Telephone No. (Include Area Code)<br>636-928-2121 |
| Street Address<br>731 Hidden Lake Drive | City, State and Zip Code<br>St. Peters, MO 63376 | County<br>St. Charles |

**Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me** *(if more than one list below).*

| Name<br>Hooter's of St. Peters, LLC | No. of Employees/Members<br>25+ | Telephone No. (Include Area Code)<br>636-447-5559 |
|---|---|---|
| Street Address<br>4061 Veterans Memorial Parkway | City, State, and ZIP Code<br>St. Peters, MO 63376 ||
| Name<br>Hooter's of America, Inc. | No. of Employees/Members<br>25+ | Telephone No. (Include Area Code)<br>770-951-2040 |
| Street Address<br>1815 The Exchange | City, State, and ZIP Code<br>Atlanta, GA 30339 ||

Cause of Discrimination based on *(Check appropriate box(es))*
☐ Race   ☐ Color   ☐ Sex
☐ National Origin   ☐ Religion   ☐ Age
☒ Disability   ☐ Retaliation   ☒ Other *(Specify)* Perceived Disability

Date Discrimination took Place *(Month, Day, Year)*
07-21-2012
☐ Continuing Action

The Particulars Are *(If additional space is needed, attach extra sheet(s))*:

I began employment with Hooters in April 2005. On July 21, 2012, I was constructively discharged from my employment due to a perceived disability.

On June 28, 2012, I went to the emergency room at St. Joseph Health Center in St. Charles City, and a cranial mass was discovered. On July 2, 2012, I underwent a craniotomy on the right side of my head to remove the mass. My head had to be completely shaved to a one-quarter inch length. I remained in the hospital for a period of one (1) week, and during that period my store manager, Brent Holmberg, visited me. He told me at that time that I could return to work when I was capable, and that I could wear a "chemo cap" or other items of jewelry to distract from my lack of hair and the visibility of my cranial scar.

I received a medical release to return to work on July 16, 2012. After July 16, 2012, there was a meeting with my manager, Mr. Holmberg, and the regional manager, Joe Ozment. During that meeting, Mr. Ozment told me that I could not return to work unless I wore a wig. I told them I did not have a wig, and I could not afford a wig – which range in cost between several hundred to thousands of dollars. Mr. Ozment stated it would be required. They did not offer to purchase one for me.

On July 21, 2012, I returned to work and began working without a wig. My customers were not offended, and were in fact curious about the obvious scar from my surgery. Mr. Holmberg stated that I had to wear a wig because a woman in HR (human resources) said it was required, and that it was not his decision to make. I tried to wear a wig – it was horribly uncomfortable, highly stressful to my body, and totally unnecessary. I was then forced to quit because of my

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

X _[signature]_           11/9/12
Charging Party (Signature)          Date

NOTARY – *(When necessary to meet State and Local Requirements)*

_[signature]_ Sherry Budd

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

X _[signature]_
Signature of Complainant

9th of November 2012
Subscribed and sworn to before me this date *(Day, month, and Year)*

FILED
NOV -9 2012
MISSOURI COMMISSION
ON HUMAN RIGHTS

PLAINTIFF'S EXHIBIT
2

SHERRY BUDD
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: August 14, 2013

MCHR-27 (08-11) AI

employer's policy requiring a wig to be worn, which was not a reasonable accommodation to my recovery and only sought to cover-up a perceived disability. I was otherwise fully capable of performing the essential functions of my job.

I have been discriminated against by my employer for a perceived disability in violation of the Missouri Human Rights Act, RSMo. § 213.010 et seq.

**FILED**

NOV - 9 2012

MISSOURI COMMISSION
ON HUMAN RIGHTS

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

X _____  11/9/12
Charging Party (Signature)          Date

NOTARY – (When necessary to meet State and Local Requirements)

_Sherry Budd_

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

X _____
Signature of Complainant

9th of November, 2012
Subscribed and sworn to before me this date (Day, month, and Year)

SHERRY BUDD
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: August 14, 2013

MCHR-27-2 (08-11) AI




MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| JEREMIAH W. (JAY) NIXON | LAWRENCE G. REBMAN | ALVIN CARTER | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Sandra M. Lupo
731 Hidden Lake Dr
Saint Peters, MO 63376

RE: Sandra M. Lupo vs. HOOTERS OF ST. PETERS LLC
E-10/12-41429 28E-2013-00097C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Not only must any action brought in court pursuant to this right to sue authorization be filed within 90 days from the date of this letter, any such case must also be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause.

**IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE (AND WITHIN TWO YEARS OF THE ALLEGED CAUSE, OR THE DISCOVERY OF THE ALLEGED CAUSE, OF YOUR COMPLAINT), YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint. You may not reinstate this complaint with the MCHR or file a new complaint with the MCHR relating to the same act or practice, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period of any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

*[signature]*

Alisa Warren, Ph.D.
Executive Director

December 24, 2012
Date

**PLAINTIFF'S EXHIBIT 3**

| HOOTERS OF ST. PETERS LLC | Claudia K. Levitas | Larry A. Bagsby |
| 4061 Veterans Memorial Pkwy | General Counsel | Bagsby & Lee LLC |
| St. Peters, MO 63376 | HOOTERS OF AMERICA LLC | 1600 Heritage Landing, Ste 201, |
| | 1815 The Exchange | Saint Charles, MO 63303 |
| | Atlanta, GA 30339 | |

☒  ☐  ☐  ☐  ☐



**JUDY ZERR**      **CLERK OF THE CIRCUIT COURT**

**ST. CHARLES COUNTY, MISSOURI**

STATE OF MISSOURI            )
                             ) ss.
COUNTY OF ST. CHARLES        )

I, JUDY ZERR, Clerk of the Circuit Court within and for the County of St. Charles, State of Missouri, do hereby certify that the above and foregoing are true copies of original documents remaining on file and record in my office.

WITNESS, my hand and SEAL of said Court this 28 day of March, 2013.

Judy Zerr, Circuit Clerk

By: _____
     Deputy Clerk

300 North Second Street • Suite 216 • Saint Charles, Missouri 63301
636-949-3080 • Fax 636-949-7390