**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **SANDRA LUPO,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No.: 4:13-cv-601** |
| | ) |
| **v.** | ) |
| | ) |
| **HOOTER'S OF ST. PETERS, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW Hooter's of St. Peters, LLC ("HOSP") and Hooter's of America, LLC ("HOA") (collectively, "Defendants") and for their Answer and Affirmative Defenses to Plaintiff Sandra Lupo's Petition for Damages (the "Petition"), state as follows:

**RESPONSE TO "COUNT I**
**Violation of the Missouri Human Rights Act**
**(Actual Disability Discrimination)"**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, deny those allegations.

2.      Defendants deny the allegations contained in paragraph 2.

3.      Defendants admit HOA is a foreign corporation with its principle place of business located in the State of Georgia.  Defendants further state that HOA is the parent corporation of HOSP.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 3.

4.      Defendants deny the allegations contained in paragraph 4.

5.      Defendants admit that Plaintiff began her employment with HOA in 2005. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 5.

6.      Upon information and belief, Defendants admit that Plaintiff underwent surgery in July 2012 to remove a cranial mass.  Defendants further state that her head was shaved to ¼ inch length.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 6.

7.      Defendants admit that Plaintiff was hospitalized and that Holmberg visited her in the hospital and informed her she would need a head covering.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 7.

8.      Defendants admit the remaining allegations in paragraph 8.

9.      Defendants state that Plaintiff was required to wear a wig at work.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 9.

10.     Defendants state that Plaintiff was required to wear a wig at work and that HR confirmed the requirement.   Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 10.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, deny those allegations.

12.     Defendants deny the allegations contained in paragraph 12.

13.     Defendants deny the allegations contained in paragraph 13.

14.     Defendants deny the allegations contained in paragraph 14.

15.     Defendants deny the allegations contained in paragraph 15.

16.     Defendants deny the allegations contained in paragraph 16.

17.     Defendants deny the allegations contained in paragraph 17.

18.     Defendants admit that Plaintiff filed a charge and an amended charge, and Defendants state that the documents speak for themselves and refer the Court to those

2

documents.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 18.

19.     Defendants admit that Plaintiff received a notice of right to sue, and Defendants state that the document speaks for itself and refer the Court to that document.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 19.

As for the unnumbered prayer for relief following paragraph 19, no responsive pleading is required.  Should a response be required, Defendants deny that Plaintiff is entitled to any relief and respectfully request that the Court dismiss Plaintiff's Petition with prejudice, that the Court enter a judgment in favor of Defendants, and that the Court grant Defendants any and all other relief to which they are entitled.

**RESPONSE TO "COUNT II**
**Violation of the Missouri Human Rights Act**
**(Perceived Disability Discrimination)"**

20.     Defendants restate and incorporate by reference each and every response contained in paragraphs 1 through 19 as if fully set forth herein.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendants deny the allegations contained in paragraph 24.

25.     Defendants deny the allegations contained in paragraph 25.

As for the unnumbered prayer for relief following paragraph 25, no responsive pleading is required.  Should a response be required, Defendants deny that Plaintiff is entitled to any relief and respectfully request that the Court dismiss Plaintiff's Petition with prejudice, that the Court

enter a judgment in favor of Defendants, and that the Court grant Defendants any and all other relief to which they are entitled.

**RESPONSE TO "COUNT III**
**Violation of the Missouri Merchandising Practices Act**
**(Deceptive Practices)"**

26.     Defendants restate and incorporate by reference each and every response contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Paragraph 28 of the Petition asserts conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 28.

29.     Defendants deny the allegations contained in paragraph 29.

30.     Defendants deny the allegations contained in paragraph 30.

31.     Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants deny the allegations contained in paragraph 33.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

As for the unnumbered prayer for relief following paragraph 35, no responsive pleading is required.  Should a response be required, Defendants deny that Plaintiff is entitled to any relief and respectfully request that the Court dismiss Plaintiff's Petition with prejudice, that the Court enter a judgment in favor of Defendants, and that the Court grant Defendants any and all other relief to which they are entitled.

Defendants further deny any and all allegations not expressly admitted herein.

## **FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

1.      The allegations in the Petition fail to state a claim upon for which relief may be granted.

2.      As discussed in Defendants' Motion to Dismiss or, in the Alternative, To Stay the Proceedings and Compel Arbitration, Plaintiff's action should be dismissed and she should be required to arbitrate her claims in accordance with her signed arbitration agreement.

3.      Plaintiff lacks standing to bring these claims.

4.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver or estoppel, and unclean hands.

5.      Plaintiff's claims are barred because HOA at all times treated plaintiff in a nondiscriminatory manner and its actions were taken for legitimate, nondiscriminatory business reasons.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.      Plaintiff failed to timely file charges of discrimination with the Missouri Commission on Human Rights, the Equal Employment Opportunity Commission, or other local agency.

8.      To the extent that Plaintiff's Petition seeks relief for any physical, mental, or emotional injuries alleged to be suffered by Plaintiff at any time during the course of his employment and/or as part of the employment relationship with HOA, those claims are barred in that Plaintiff's sole and exclusive remedy for such claims is governed by the Missouri's Workers' Compensation Act.

9.     Plaintiff's damages are foreclosed or otherwise limited based upon the post-employment actions of the parties.

10.     HOA made good faith efforts to comply with any and all applicable laws including, but not limited to, the Missouri Human Rights Act.

11.     Pursuant to Section 213.111.2 of the Missouri Revised Statutes, Defendants are entitled to court costs and reasonable attorney fees because Plaintiff's case is without foundation.

12.     HOSP is not an "employer" as defined by the Missouri Human Rights Act because it does not, nor did it during July 2012, employ six or more persons in this state.

13.     HOA had and has policies against work place discrimination and had procedures to report, prevent and correct work place discrimination.  These policies and procedures were communicated to its employees.

14.     HOA is entitled to the Faragher-Ellerth affirmative defense in that (1) HOA reasonably sought to prevent any discrimination and correct any discrimination that might occur and (2) Plaintiff unreasonably failed to take advantage of the protective or corrective opportunities provided by HOA or to avoid harm otherwise.

15.     Plaintiff has failed and neglected, in whole or in part, to use reasonable means to protect herself from loss and to mitigate the alleged losses and damages complained of in the Petition and Defendants are entitled to assert the after-acquired evidence rule to further reduce any damages Plaintiff may be entitled to, if any.

16.     There is no direct or proximate causal connection between any claim of harm or injury alleged by plaintiff and any act or omission alleged to have been committed by Defendants.

17.     In the absence of clear and convincing evidence of ill will, spite, malice, willful and wanton conduct, evil motive or reckless disregard, any award of punitive damages would violate the United States Constitution and the Missouri Constitution.

18.     HOA did not make any decisions regarding Plaintiff with any evil motive or reckless disregard for Plaintiff; therefore, the prayer for punitive damages should be stricken.

19.     Defendants reserve the right to supplement their defenses following discovery.

WHEREFORE, Defendants Hooter's of St. Peters, LLC and Hooter's of America, LLC deny that Plaintiff is entitled to the relief prayed for in the Petition, in whole or in part, or to any other relief against Defendants, and Defendants, therefore, pray that judgment be entered in their favor, that they be awarded costs of suit and attorney fees under Section 213.111.2 of the Missouri Revised Statutes, and such other relief as the Court deems just and proper.


Respectfully submitted,

Dated:  April 5, 2013

*/s/ Jessica L. Liss*
Jessica L. Liss, #51331MO
Daniel P. O'Donnell, #59970MO
JACKSON LEWIS, LLP
Two CityPlace Drive, Suite 200
St. Louis, MO 63141
314-372-0032
314-792-6070 (Fax)
jessica.liss@jacksonlewis.com
daniel.o'donnell@jacksonlewis.com

*Counsel for Defendants*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of April, 2013 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and was served upon:

Mr. Larry A. Bagsby
Attorney for Plaintiff
1600 Heritage Landing, Suite 201
St. Charles, Missouri 63303

*/s/ Jessica L. Liss*

4852-9130-1395, v.  1