**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SANDRA LUPO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13-CV-601 CAS |
| | ) |
| HOOTER'S OF ST. PETERS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER CONCERNING REMOVAL**

This matter is before the Court on review of the file following removal. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit Court of St. Charles County, State of Missouri. The Petition alleges state law claims for actual and perceived disability discrimination in violation of the Missouri Human Rights Act (Counts I and II), and for violation of the Missouri Merchandising Practices Act (Count III). Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co.,

303 U.S. 283 (1938).  The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii) (2011); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009).  The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants.  Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991).  To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business.  Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).  For limited liability companies such as the defendants in this case, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction.  GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC").  Further, in the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed.  Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

Defendants' removal notice is procedurally defective because it does not allege sufficient facts to establish the Court's jurisdiction over this matter.[1]  The Petition alleges that defendant

---

[1] With respect to plaintiff's citizenship, plaintiff alleges in her Petition that she is a "resident" of the State of Missouri.  Defendants' removal notice alleges that plaintiff is a citizen of Missouri.  It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under § 1332(a)(1). Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977);

Hooter's of St. Peters, LLC is a Missouri corporation "operating in St. Charles County, Missouri," and that defendant Hooter's of America, LLC is a Georgia corporation with its principal place of business in Georgia.  Pet. at 1.  The Notice of Removal states that both defendants are limited liability companies organized under the laws of the State of Georgia with their principal places of business in Georgia and thus are citizens of Georgia.  Notice of Removal at 4.

The Notice of Removal contains no allegations concerning the relevant jurisdictional facts concerning the defendants' citizenship:  the states of which each of the defendants' members were citizens at the time the Petition was filed and at the time of removal, as required by the Eighth Circuit's GMAC and Ryan cases.  For members of the defendants that are individuals, the state of citizenship must be alleged.  For members that are corporations, the states of incorporation and principal place of business must be alleged.  For members that are limited liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.[2]

The Court will grant defendants seven (7) days in which to file an amended Notice of Removal alleging the existence of the requisite diversity of citizenship of the parties.  Consistent with 28 U.S.C. § 1446(a), which requires that a notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts.  Defendants'

---

Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968).  Although the Petition only contains allegations regarding plaintiff's residence, the Notice of Removal adequately alleges plaintiff's citizenship.

[2]In Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.

failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by **April 19, 2013**, defendants shall file an amended Notice of Removal which shall allege facts establishing the states of citizenship of each of the defendants' members, both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendants do not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

                                             　　　**CHARLES A. SHAW**
                                             　　　**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of April, 2013.