UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA LUPO, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-601 CAS |
| HOOTER'S OF ST. PETERS, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on plaintiff's Memorandum in Response to the Court's Order of Remand and Order for Payment of Fees and Costs. Defendants filed a Response to the Memorandum. Plaintiff did not file a reply, and the matter is therefore fully briefed.

**Background**

Plaintiff initially filed suit in the Circuit Court of St. Charles County, State of Missouri. The Petition alleged state law claims for actual and perceived disability discrimination in violation of the Missouri Human Rights Act and for violation of the Missouri Merchandising Practices Act. Defendants Hooter's of St. Peters, LLC, and Hooter's of America, LLC removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting that complete diversity of citizenship existed among the parties.

On April 30, 2013, the Court remanded this case to state court after concluding that subject matter jurisdiction did not exist. Because the Court concluded that defendants lacked an objectively reasonable basis for removal of the case, it ordered defendants to "pay plaintiff's just costs and expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c)." Order of Remand at 3 (Doc. 13).

In accordance with the Order of Remand, plaintiff's attorney, Mr. Larry A. Bagsby, filed an affidavit and itemized statements of plaintiff's costs and attorney's fees incurred as a result of the removal. Plaintiff asserts that as a result of removal. she incurred 13.6 hours of attorney time at the hourly rate of $450, for attorney's fees of $6,120.00, and costs of $33.90.

In their Response, defendants object to the hourly rate of plaintiff's attorney, stating that "[e]ven for the most experienced employment litigators, this Court has routinely limited hourly rates in attorney's fees awards to $250," citing Al-Birekdar v. DaimlerChrysler Corp., 499 F. App'x 641 (8th Cir. 2013) (affirming reduction of hourly rate from $365 to $250), and Katoch v. Mediq/PRN Life Support Servs., Inc., 2007 WL 2434052, at *10 n.11 (E.D. Mo. Aug. 22, 2007) (awarding attorney's fees pursuant to 28 U.S.C. § 1927; taking judicial notice that the $250 hourly rate sought by defendant's counsel was "a reasonable rate for an experienced partner practicing employment law in the St. Louis metropolitan area.").

Defendants also assert that plaintiff's fee request should be reduced by 2.7 hours spent reviewing defendants' Answer and Motion to Compel Arbitration and researching concerning recent Missouri cases on employment arbitration agreements. Defendants contend that plaintiff would have incurred these fees even if the case had remained in state court.

**Discussion**

The Court applies the lodestar method of determining a reasonable attorney fee from Hensley v. Eckerhart, 461 U.S. 424 (1983). Under Hensley, "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (citing Hensley, 461 U.S. at 433). "When determining reasonable hourly rates, district courts may rely on

2

their own experience and knowledge of prevailing market rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005). The onus is on the party seeking the award to provide evidence of the hours worked and to support the rate claimed. Id. at 433. "The district court should also exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434.

Plaintiff's attorney Mr. Bagsby did not provide the Court with any supporting documentation to establish the reasonableness of his $450.00 hourly rate, such as affidavits from attorneys in the area attesting that the rate he charges is appropriate for the type of work and given his level of experience. Mr. Bagsby's affidavit does not include any information concerning his years of experience or his experience in employment cases, and does not state whether his rate in this case is based on a contingent fee or straight hourly basis, whether $450 is his usual and customary rate in employment cases,[1] or provide the hourly rate that any court has awarded him. This type of information should be provided in support of the hourly rate claimed by an attorney's fee application.

Nonetheless, the Court disagrees with defendants' contention that the rate for "even the most experienced" employment attorneys is limited to $250 per hour in this district. This Court has awarded a fairly wide range of hourly fees in employment cases, based on the experience, skill and usual hourly rate of the attorneys involved, and the nature and difficulty of the case. Recently, in Risch v. Natoli Engineering Co., LLC, 2012 WL 4357953, at *4 (E.D. Mo. Sept. 24, 2012), a Fair Labor Standards Act class action, Judge Fleissig awarded plaintiffs' counsel their usual hourly rates of $400 (two partners, each with thirty-plus years of employment experience), $300 (one partner

---

[1] With respect to his hourly rate, Mr. Bagsby's Affidavit states only, "My hourly fee is $450.00."

with ten-plus years of employment experience)[2], and $250 (two associates). These rates were supported by the affidavits of each attorney which attested to their years and degree of experience in employment cases. In Betton v. St. Louis County, 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010), a five-plaintiff Title VII race and retaliation discrimination case, Judge Hamilton awarded the same two partners from Risch their usual hourly rates of $450 and $400 per hour, which were supported by the detailed affidavits of the attorneys and by affidavits from other attorneys in the St. Louis area on their behalf, discussing their levels of expertise and the reasonableness of their rates. Two other attorneys in Betton claimed rates of $300 and $250, but Judge Hamilton reduced their rates to $260 and $195 to conform to rates in the 2008 Altman Weil Survey of Law Firm Economics, as urged by the defendant, because the attorneys submitted no affidavits or other documentation in support of their rates.

In West v. Matthews International Corp., 2011 WL 3904100, at *2 (E.D. Mo. Sept. 6, 2011), a Missouri Human Rights Act employment case, Judge Noce reviewed the range of hourly rates in this Court's recent decisions awarding attorneys' fees in similar cases:

> Over the last four years, this court has found hourly rates ranging from $195 to $450 reasonable in similar cases. See Marez v. Saint-Gobain Containers, Inc., No. 4:09 CV 999 MLM, 2011 WL 1930706, at *12 (E.D. Mo. May 18, 2011) (hourly rate of $350 not questioned by defendant; supporting factors were that counsel was a sole practitioner and the rate requested was a contingent fee); Betton v. St. Louis Cnty., No. 4:05 CV 1455 JCH, 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010) (hourly rates of $195, $260, $400, and $450; the latter two rates being supported by affidavits of local attorneys); Murphy v. Fedex Nat'l LTL, Inc., No. 4:07 CV 1247 JCH, 2009 WL 1939957, at *3 (E.D. Mo. July 2, 2009) (hourly rate of $400; contrary argument that EEOC experience was irrelevant was rejected); Finan v. Good Earth Tools, Inc., No. 4:06 CV 878 CAS, 2008 WL 1805639, at *13 n.7 (E.D. Mo. Apr.

---

[2]This partner's affidavit states that his usual hourly rate in employment litigation is $350, but he had a agreement with the lead plaintiff to work at a reduced rate. See Plaintiffs' Petition for Fees and Costs, Ex. 1 (Doc. 64).

4

21, 2008) (hourly rate of $250 approved as a reasonable rate for an experienced partner practicing employment law in St. Louis area); Katoch v. Mediq/PRN Life Support Servs., Inc., No. 4:04 CV 938 CAS, 2007 WL 2434052, at *10 n.11 (E.D. Mo. Aug. 22, 2007) (taking judicial notice that an hourly rate of $250 is a reasonable rate for an experienced partner practicing employment law in the St. Louis area); Day v. Robinwood West Community Improvement District, No. 4:08 CV 1888 ERW, Doc. 74 (E.D. Mo. Sept. 20, 2010) ($225 per hour rate approved); Phelps-Roper v. City of Manchester, No. 4:09 CV 1298 CDP, 2010 WL 4628202, at *2 (E.D. Mo. Nov. 8, 2010) ($225 per hour rate approved for the same attorney in Day v. Robinwood). In 2009, the Missouri Court of Appeals affirmed an hourly rate of $400 for experienced counsel, including attorney Mary Ann Sedey, in a case brought under the MHRA. Alhalabi v. Mo. Dep't of Nat. Res., 300 S.W.3d 518, 531 (Mo. Ct. App. 2009).

West, 2011 WL 3904100, at *2. Judge Noce reduced the plaintiff's attorneys' hourly rates from $400 to $350 for a partner with thirty years' experience, and from $300 to $250 for a six-year associate, based on "counsel's experience, expertise, and performance" in the case and consistent with hourly rates awarded in other similar cases. Id. at *3.

In this case, plaintiff has not provided support for her attorney's $450 hourly rate. The Court takes judicial notice, based on its query in the CM/ECF electronic filing system, that Mr. Bagsby has been practicing in the Eastern District of Missouri since 1992 and has appeared in 136 cases in this Court. The Court has no information concerning Mr. Bagsby's experience in employment cases, but can conclude he has at least twenty-one years of experience in federal litigation. Based on this limited information and the Court's review of the cases cited above, the Court will award plaintiff attorney's fees for Mr. Bagsby in this case at the rate of $325 per hour.

The Court agrees with defendants that plaintiff's fee request should be reduced by 2.7 hours for review of the defendants' Answer and Motion to Compel Arbitration and legal research concerning employment arbitration agreements, as these fees would have been incurred even if the

5

the case had remained in state court. The Court will award all other hours claimed as reasonably incurred as a result of the removal.

**Conclusion**

For the foregoing reasons, the Court will award plaintiff her attorney's fees incurred as a result of defendants' removal of this case, pursuant to 28 U.S.C. § 1447(c), in the amount of $3,542.50, representing 10.9 hours of attorney time at the rate of $325 per hour, and costs of $33.90.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is awarded attorney's fees in the amount of Three Thousand Five Hundred Forty-Two Dollars and Fifty Cents ($3,542.50), and costs of Thirty-Three Dollars and Ninety Cents ($33.90), against defendants Hooter's of St. Peters, LLC, and Hooter's of America, LLC, jointly and severally.

**IT IS FURTHER ORDERED** that defendants Hooter's of St. Peters, LLC, and Hooter's of America, LLC shall, within thirty (30) days of the date of this Order, pay the foregoing amounts for attorney's fees and costs to plaintiff's attorney, Mr. Larry A. Bagsby, and file a Notice with this Court stating they have done so.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this __24th__ day of June, 2013.